**Lois HUDDLE, Appellant,**

v.

**Jack A. HUDDLE, Successor Administrator of the Estate of Jack Nelson Huddle, Appellee.**

**No. A14–84–423CV**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1985.

Rehearing Denied Feb. 21, 1985.

H.J. Bernard, Houston, for appellant.

Jay Floyd, Llano, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order of the Probate Court determining what constituted the community property of Jack Nelson Huddle, deceased, and Appellant Lois Huddle, Jack Nelson Huddle's wife at the time of his death. Appellee Jack A. Huddle, Jackie Huddle Clogston, and Marla Huddle were the children of the deceased by previous marriages. Appellant raises four points of error arguing that: the trial court erred in denying Appellant's request for a jury trial and the court erred in classification and division of the estate of Jack Nelson Huddle, deceased. The trial court erred in denying the request for a jury trial. We, therefore, reverse and remand.

Appellant and the deceased were married on April 26, 1962, and lived together as man and wife until the death of the deceased on January 3, 1973. Jack Nelson Huddle died intestate. The three children of the deceased by previous marriages were declared by the Probate Court to be his legal heirs.

Appellant applied for and was appointed Administratrix of the estate. As Administratrix, Appellant filed an original inventory and appraisal of the estate. On April 14, 1978, Appellant was removed as Administratrix of the estate. Appellee was appointed to serve as Successor Administrator on July 14, 1978. During the time she served as Administratrix and later, Appellant filed motions to have the estate closed. Appellee filed, as Administrator of the Estate, an Account for Final Settlement. In response, Appellant filed her Motion for Final Judgment. Prior to trial, Appellant requested a jury. The trial court denied the request and trial was to the court without a jury. On March 9, 1984, the Probate Court entered an order which provided in part that Appellee, on behalf of the estate, recover from Appellant certain sums which represented Jack Nelson Huddle's interest in community property.

The first point of error is that the "trial court erred in denying to the Appellant her timely request and demand for trial by jury." This action was set for trial on the trial court's nonjury docket on July 12, 1983. On June 30th, counsel for the Appellant paid a jury fee. However, no separate demand or request for a jury was made on Appellant's behalf until July 12, 1983. The trial judge denied that request, partially because Appellant had not earlier informed the court that a jury trial was desired.

▮ There is no doubt that parties to a contested probate proceeding are entitled to trial by jury as in other civil actions. TEX.PROB.CODE ANN. § 21 (Vernon 1980). The Texas Constitution contains two separate provisions concerning the right of trial by jury. The Bill of Rights of the Texas Constitution provides in part that "[t]he right of trial by jury shall remain inviolate." TEX. CONST. Art. I, § 15. The Judiciary Article of the Constitution states:

> In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

TEX. CONST. Art. V, § 10. However, the right to trial by jury in civil cases is not

absolute. *Wooten v. Dallas Hunting & Fishing Club, Inc.*, 427 S.W.2d 344 (Tex. Civ.App.—Dallas 1968, no writ). A party requesting a jury trial in a civil case must take affirmative action to avoid a waiver of that right. *Walker v. Walker*, 619 S.W.2d 196 (Tex.Civ.App.—Tyler 1981, writ ref'd n.r.e.).

■ Rule 216 of the Texas Rules of Civil Procedure provides in part that:

> No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance.

TEX.R.CIV.P. 216. There are two basic requirements for entitlement to a jury trial in a civil case: 1) there must be an application, request, or demand for a jury trial; and 2) the correct fee must be deposited within the time set out in Rule 216. *Dawson v. Jarvis*, 627 S.W.2d 444, 446 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

■ The parties in this case do not dispute that on June 30, 1983, counsel for Appellant paid the correct jury fee. The fee was deposited not less than ten days in advance of the date for trial of the cause on the non-jury docket. If both the demand and jury fee are late (less than ten days before a jury trial), the trial judge's decision to allow or deny a jury trial is to be reviewed by an abuse of discretion standard. *Lenamond v. North Shore Supply Co.*, 667 S.W.2d 283, 285 (Tex.App.—Houston [14th Dist.] 1984, no writ). Payment of the fee more than ten days before the date set for trial does not make the payment timely as a matter of law. *Texas Oil & Gas Corp. v. Vela*, 429 S.W.2d 866 (Tex. 1968). If, however, the jury fee is paid more than ten days before the trial date, there is a presumption that it has been made within a reasonable time. *Lenamond*, 667 S.W.2d at 284–285. We, there-fore, presume that the requirements of Rule 216 have been complied with.

Appellee responds that both the demand for jury trial and payment of the jury fee must be made within a reasonable time under Rule 216. *See Steenland v. Texas Commerce Bank National Association*, 648 S.W.2d 387, 391 (Tex.App.—Tyler 1983, no writ); *Jerrell v. Jerrell*, 409 S.W.2d 885 (Tex.Civ.App.—San Antonio 1966, no writ). We believe that the time limitations contained in Rule 216 apply only to the time that the jury fee must be deposited with the clerk. Appellant also argues that the mere deposit of the jury fee with the clerk does not constitute a demand for a jury. *See Walker v. Walker*, 619 S.W.2d at 198. Assuming a formal jury demand, separate from the payment of the jury fee, is required, Appellant has met that requirement by filing a written request for jury trial on July 12, 1983.

■ We hold that because the requirements of Rule 216 had been complied with, the trial court erred in denying Appellant's request for trial by jury. Point of error one is sustained. Due to our disposition of the first point of error, we do not consider the remaining points of error.

The judgment is reversed and the cause remanded.