Jack A. HUDDLE, Successor
Administrator, Petitioner,

v.

Lois HUDDLE, Respondent.

No. C–4013.

Supreme Court of Texas.

Sept. 25, 1985.

Rehearing Denied Oct. 30, 1985.

Jay Floyd, Austin, for petitioner.

H.J. Bernard, Houston, for respondent.

PER CURIAM.

■■■ This is an appeal from a probate court order. Our question is whether the probate court erred in denying a request for a jury trial. The court of appeals held the denial was in error. 687 S.W.2d 58 (Tex.App.—Houston [14th Dist.] 1985). We hold the trial court did not abuse its discretion and reverse the judgment of the court of appeals.

This cause was set for trial for July 13, 1983. The jury fee had been paid on June 30 but the jury request was not made until July 12. The trial court denied the jury request because the request was not made earlier. A motion for a continuance was not made following the denial of the jury request.

Rule 216, Tex.R.Civ.P., provides that the demand for a jury be made and the necessary fee paid "on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance." The court of appeals held the time limitations contained in Rule 216 apply only to the time that the jury fee must be deposited with the clerk. 687 S.W.2d at 60. We disagree. The time limitations apply with equal force to the application for jury trial and the payment of the jury fee. In *Texas Oil & Gas Corporation v. Vela,* 429 S.W.2d 866 (Tex.1968), this court held that a demand for a jury trial made ten days in advance of the date set for trial of the cause on the non-jury docket is not necessarily timely as a matter of law. 249 S.W.2d at 877.

The judgment of the court of appeals conflicts with Rule 216, Tex.R.Civ.P., and this court's opinion in *Vela.* Accordingly, we grant Jack A. Huddle's motion for rehearing, grant the application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand the cause to that court for consideration of Lois Huddle's remaining points of error. Tex.R.Civ.P. 483.