# NO. 12-08-00445-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES WILLIAM RHYS, III,* *AND TERRI ANN ALLARD,* *APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *WOOD COUNTY,* *APPELLEE* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Charles William Rhys III and Terri Ann Allard appeal from the county court's judgment granting Wood County, Trustee, possession of a manufactured home seized and sold to Wood County at a sheriff's sale. Rhys and Allard raise three issues on appeal. We affirm.

## BACKGROUND

Wood County acquired a manufactured home owned by Rhys and Allard following a tax seizure and sheriff's sale due to Rhys and Allard's tax delinquencies. Thereafter, Wood County brought a forcible entry and detainer action for possession of the manufactured home. After Wood County prevailed in justice court, Rhys and Allard appealed to the county court. After a trial de novo, the county court rendered judgment in favor of Wood County, awarding it immediate possession of the home. Rhys and Allard timely appealed the county court's order.

## DENIAL OF A JURY TRIAL

In their first issue, Rhys and Allard argue that the county court abused its discretion in denying them a trial by jury.

We review the lower court's denial of a jury demand for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996). Texas Rule of Civil Procedure 216 governs jury demands. Among other requirements, rule 216 provides that a jury

demand must be in writing.  TEX. R. CIV. P. 216; *see also **O'Connor v. O'Connor***, 245 S.W.3d 511, 516-17 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Here, Rhys and Allard failed to demand a trial by jury in writing. Instead, they made an oral demand on the day of trial in county court.  An oral jury demand is ineffective under rule 216.  *See* TEX. R. CIV. P. 216.

Even if the request had been in writing, the county court acted within its discretion in denying a jury demand made for the first time on the day of trial.  *See* TEX. R. CIV. P. 216 (request for jury must be made a reasonable time before date set for trial on nonjury docket); ***Huddle v. Huddle****,* 696 S.W.2d 895, 895 (Tex. 1985).  Rhys and Allard's first issue is overruled.

## ADMISSION OF EVIDENCE

In Rhys and Allard's second issue, they allege that the county court improperly admitted Wood County's bill of sale into evidence.

An objection to evidence must be timely made or else it is waived and not preserved for appeal.  ***Ramirez v. H.E. Butt Grocery Co.,*** 909 S.W.2d 62, 69 (Tex. App.—Waco 1995, writ denied).  An objection is timely when it is made before the evidence is admitted or as soon as the objectionable nature of the evidence becomes apparent.  TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a)(1); *see also **Firman v. Everman Indep. Sch. Dist.,*** No. 2-06-392-CV, 2007 WL 2460260, at *1 n.12 (Tex. App.—Fort Worth 2007, no pet.) (per curiam, mem. op.) (holding that manufactured homeowner in a delinquent property tax suit did not timely object when he failed to object to evidence until after it was admitted).

Here, Wood County offered the bill of sale into evidence, and Rhys and Allard failed to object prior to its admission. Because Rhys and Allard did not object to admission of the bill of sale, they failed to preserve the issue for appellate review. Rhys and Allard's second issue is overruled.

## WOOD COUNTY'S UNTIMELY MOTION FOR SUMMARY JUDGMENT

In their third issue, Rhys and Allard complain that Wood County filed its motion for summary judgment less than twenty-one days before trial.

The Texas Rules of Civil Procedure require a summary judgment movant to file its motion at least twenty-one days before the hearing on the motion. TEX. R. CIV. P. 166a(c). Wood County filed its motion for summary judgment on October 29, 2008. A bench trial was held on November 5, 2008. Since the motion was filed only seven days before trial, it was untimely.

At the bench trial on the merits, the county court denied Wood County's motion for summary judgment without a hearing on the ground that the motion was untimely. A court acts properly when it declines to entertain a summary judgment motion filed less than twenty-one days before a trial on the merits. *See **Lesikar v. Moon***, 237 S.W.3d 361, 369 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Thus, Rhys and Allard demonstrate no error in the county court's action.

In addition, since the county court denied Wood County's motion for summary judgment because it was untimely, Rhys and Allard were not harmed by Wood County's untimely filing. Rhys and Allard's third issue is overruled.

### DISPOSITION

We ***affirm*** the trial court's judgment. Rhys and Allard's motion for relief is ***overruled***.

SAM GRIFFITH
Justice

Opinion delivered September 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)