# NO. 12-10-00246-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE 294TH* |
| *OF A.H.,* | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

J.D. appeals the termination of his parental rights to his child, A.H. In two issues, he asserts that the trial court erred in denying his request for a jury trial and that his counsel's failure to timely file a written request for a jury trial constituted ineffective assistance of counsel. We affirm.

### BACKGROUND

The Texas Department of Family and Protective Services filed a petition for termination of parental rights to A.H. The original respondents were the mother of A.H, and the presumed father, Robert. The Department filed an amended petition adding J.D. as a respondent because genetic testing determined that he was the biological father of A.H. This case was consolidated with a companion case involving another of the mother's children, K.H. Robert was the father of K.H. On June 1, 2010, the court proceeded with the trial against the mother and Robert. At the conclusion of the evidence, the court signed an interlocutory order terminating the mother's parental rights to both children and Robert's parental rights to K.H. At that time, the trial court also granted J.D. a fourteen day continuance. Three days later, J.D. filed a request for a jury trial. On June 15, 2010, a bench trial began after the trial court denied J.D.'s request for a jury trial. At the conclusion of the trial, the court ordered the termination of J.D.'s parental rights to A.H. This appeal followed.

1

## DENIAL OF JURY TRIAL

In his first issue, J.D. argues that the trial court erred in denying his request for a jury trial.

We review the trial court's denial of a jury demand for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). We examine the entire record, and will conclude that the trial court abused its discretion only if the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Id*.

We recognize that "[t]he right to a jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997). But in a civil case, the right to a jury trial arises only when a party files a written jury request not less than thirty days in advance of the date set for trial and pays the jury fee. TEX. R. CIV. P. 216. A trial court does not abuse its discretion by denying a jury trial when there was no timely request. *Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985); *see Martin v. Black*, 909 S.W.2d 192, 197 (Tex. App.–Houston [14th Dist.] 1995, writ denied). However, Texas courts have held that a trial court "should accord the right to jury trial if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." *Gayle*, 951 S.W.2d at 476.

In this case, the trial court entered a scheduling order in September 2009, which stated that a party must submit a written request for a jury trial no less than sixty days prior to the date set for trial. On February 3, 2010, the court entered a permanency hearing order and set the trial for June 1, 2010. Although his parental rights were not addressed on June 1, J.D. appeared in court that day and announced that he was ready. After requesting, and being granted, a continuance before the conclusion of the June 1 trial, J.D. filed a request for a jury trial on June 4, 2010. At the beginning of the trial on June 15, 2010, the court denied J.D.'s request for a jury trial.

Since J.D. did not file a written request for a jury trial until after the original trial setting and eleven days before the actual trial, the request was untimely under both the general rule and the specific order in this case. *See* TEX. R. CIV. P. 216. Also, J.D. had over three months notice of the trial setting. *See In re C.A.L.*, No. 02-05-308-CV, 2007 WL 495195, at *3 (Tex. App.–Fort Worth Feb. 15, 2007, no pet.) (mem. op.) (holding that trial court did not abuse its discretion

in denying untimely request for jury trial when counsel had four months notice of trial setting). Further, the trial court denied the request as untimely as well as out of concern for a prompt resolution of the child's permanence. However, J.D. made no showing that the granting of the late request for a jury trial could be done without interfering with the court's docket, delaying the trial, or injuring the opposing party. *See Barkhausen v. Craycom*, 178 S.W.3d 413, 418 (Tex. App.–Houston [1st Dist.] 2005, pet. denied) (holding trial court did not abuse its discretion in denying request for jury trial when counsel made no concurrent showing that untimely demand would not prejudice opposing party and did not suggest trial court's articulated concerns could be alleviated); *Gayle*, 951 S.W.2d at 476. Therefore, we hold that the trial court did not abuse its discretion in denying J.D.'s request for a jury trial. *See Huddle*, 696 S.W.2d at 895; *Martin*, 909 S.W. 2d at 197. Accordingly, we overrule J.D.'s first issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, J.D. contends that he received ineffective assistance of counsel. Specifically, J.D. argues that his trial counsel was ineffective for his failure to timely request a jury trial.

In analyzing the effectiveness of counsel in a parental-rights termination case, we apply the two-pronged standard set forth by the United States Supreme Court in *Strickland v. Washington*.[1] *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003). To prevail on an ineffective assistance of counsel claim in a termination case, the appellant must show that (1) the attorney's performance was deficient and fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Id.*

In determining whether counsel's performance was deficient, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Counsel's performance falls below acceptable levels when the representation is so grossly deficient as to render proceedings fundamentally unfair. *Id*.

With respect to whether the deficient performance prejudiced his defense, prejudice is shown when there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *In re D.B.*, 153 S.W.3d 575, 577 (Tex. App.–Amarillo 2004, no pet.). Claims of ineffective assistance must be firmly founded in the record. *In re*

---

[1] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

*K.K.*, 180 S.W.3d 681, 685 (Tex. App.–Waco 2005, no pet.). A silent record cannot overcome the strong presumption of reasonable assistance. *Castaneda v. State*, 135 S.W.3d 719, 721 (Tex. App.–Dallas 2003, no pet.). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.*

Here, J.D. argues his counsel's failure to timely request a jury trial constitutes deficient representation and falls below an objective standard of reasonableness. Although J.D. argues that his counsel orally requested a jury trial on June 1, the only written request for a jury trial was filed on June 4, 2010. That request was untimely. The record before us is silent about trial counsel's strategy or why he did not request a jury trial until after the deadline had passed. Further, the record in this case does not show when J.D. informed his counsel that he wanted to have a jury trial.[2] As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Moreover, J.D. does not attempt to show a reasonable probability that the result of the proceeding would have been different if it had been decided by a jury rather than a judge. *See In re B.W.*, No. 14-03-00068-CV, 2004 WL 2749138, at *5 (Tex. App.– Houston [14th Dist.] Dec. 2, 2004, pet. denied) (mem. op.). Therefore, he has failed to satisfy either prong of *Strickland*. Accordingly, we overrule J.D.'s second issue. *See Castenada*, 135 S.W.3d at 721.

## DISPOSITION

We *affirm* the judgment of the trial court.

### BRIAN HOYLE
Justice

Opinion delivered October 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] In J.D.'s reply brief, he attached an affidavit stating that he informed his attorney in February 2010 that he wanted a jury trial. Because the record reflects that this evidence was not presented to the trial court, it is not part of the record and cannot be considered on appeal. *See Hartman v. State,* 198 S.W.3d 829, 842-43 (Tex. App.—Corpus Christi 2006, no pet.) ("Appellate courts cannot consider items which are not part of the record from the trial court.").