

NUMBER 13-11-00214-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN KING,                                                                                     Appellant,

v.

KIMBERLY A. WILSON AND
THE KIMBER GROUP, INC.,                                                         Appellees.

## On appeal from the 172nd District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, John King, sued appellees, Kimberly A. Wilson and The Kimber Group

("Kimber"), alleging breach of contract and deceptive trade practices.  The trial court

granted summary judgment with respect to the claims against Wilson and, after a bench

trial, granted a motion for directed verdict in favor of Kimber. King contends on appeal that the trial court erred in denying his request for a jury trial. We affirm.

## I. BACKGROUND

King alleged in his 2005 petition that Kimber entered into a written agreement to provide "billing and collection services" to King but that Kimber breached the contract and caused King to suffer damages. Specifically, he contended that Wilson and Kimber "wholly failed in processing past billing claims." He also alleged that Wilson and Kimber violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") by: (1) representing that Kimber's services "had benefits which they did not have"; (2) representing that Kimber's services "were of a particular standard quality, or grade, when in fact they were of another"; (3) representing that Kimber's written agreement with King "involved rights, remedies, or obligations which it did not have"; and (4) failing to disclose that Kimber "would not perform under the contract," with the intent to induce King to sign the agreement. *See* TEX. BUS. & COM. CODE ANN. § 17.46(b)(5), (7), (12), (24) (West 2011).

In 2006, Wilson moved for traditional summary judgment as to the claims made against her personally, noting that the agreement underlying the suit was entered into between Kimber and King, that Wilson was acting only in the scope and course of her employment as president of Kimber, and that she could therefore not be held responsible for Kimber's corporate acts. After a hearing on December 20, 2010,[1] the trial court granted the motion and rendered summary judgment against King on his

---

[1] It is not clear from the record why over four years elapsed between the time that Wilson filed her motion for summary judgment and the time that the motion was heard.

claims against Wilson individually. That judgment is not challenged on appeal.[2]

The claims against Kimber proceeded to trial on February 7, 2011. King appeared pro se and Kimber was represented by counsel. The following exchange occurred immediately after the trial court called the case for trial:

MR. KING: Okay. I was under the assumption that it was trial by jury.

THE COURT: I was too but apparently it's not.

[Kimber's counsel]: No. Judge, there was no jury demand made and there was no jury fee paid.

THE COURT: Oh.

MR. KING: No jury fee paid? Can I make that payment today?

THE COURT: That's a little late now. . . . Are you ready to proceed now? [Addressing Kimber's counsel] Or you want to give him a chance for a jury? I mean, it doesn't . . .

[Kimber's counsel]: We would object at this time to jury trial. It's been five years and no demand has ever been made.

THE COURT: Okay. All right.

MR. KING: I would—I would ask the Court's forgiveness, but it was my assumption that it was a trial by jury. I would certainly like to have that jury trial present, sir.

. . . .

THE COURT: Okay. Since this is the date that the case has been set for trial, the Court is going to sustain the objection and we'll just proceed at this point.

After the bench trial, the court granted Kimber's motion for directed verdict. This appeal

---

[2] Although the trial court's dismissal of the claims against Wilson individually is not challenged on appeal, Wilson is listed as an appellee in her individual capacity because she was listed as a party on the notice of appeal filed by King.

followed.[3]

## II. DISCUSSION

By a single issue on appeal, King argues that the trial court erred by denying his request for a jury trial made on the day of trial. We review the trial court's denial of a party's demand for a jury trial under an abuse of discretion standard. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 69 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The United States and Texas Constitutions guarantee the right to jury trial. *See* U.S. CONST. amend. VII; TEX. CONST. art. I, §§ 10, 15; *see also Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997). The Texas Constitution states that "no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature." TEX CONST. art. I, § 10. The rules of civil procedure state that "[n]o jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216(a); *see Huddle v. Huddle*, 696 S.W.2d 895 (Tex. 1985) (finding no error where trial court denied request for jury trial made one day before the trial date).

It is within the discretion of the trial court to deny a jury trial in the absence of a timely request or payment of a jury fee. *Huddle*, 696 S.W.2d at 895; *Monroe*, 234 S.W.3d at 69. An untimely jury demand should be granted, however, if it can be done (1) without interfering with the court's docket, (2) delaying the trial, or (3) injuring the

---

[3] This appeal was transferred from the Ninth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

opposing party. *Monroe*, 234 S.W.3d at 70 (citing *Gayle*, 951 S.W.2d at 476; *Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874, 881 (Tex. App.—Austin 1989, writ denied); *Barkhausen v. Craycom, Inc.*, 178 S.W.3d 413, 418 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). The wrongful denial of a jury trial constitutes harmful error when the case contains a question of material fact. *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004) (citing *Rhyne*, 925 S.W.2d at 666).

It is undisputed that King's request for jury trial was untimely under Rule 216(a). King argues that the trial court nevertheless abused its discretion in denying his request because a jury trial would not have interfered with the trial court's docket and would not have prejudiced Kimber. *See Monroe*, 234 S.W.3d at 70. We disagree.[4] The record shows that the trial court, like King, initially assumed that the case was set for jury trial, but the record does not show that King made a demand for jury trial or paid the jury fee at any time prior to the trial date. Moreover, although a jury trial arguably would not have prejudiced Kimber, there appears to be no dispute that, had the trial court granted King's untimely request, the trial would have been delayed. *See id.* (noting that an untimely jury demand should be granted if it can be done (1) without interfering with the court's docket, (2) delaying the trial, or (3) injuring the opposing party). Thus, the trial court was well within its discretion to deny King's request.

Finally, Kimber correctly notes that the trial court granted its motion for directed verdict at the close of the evidence, thereby indicating that no genuine issue of material

---

[4] In arguing that a jury trial would not have interfered with the trial court's docket, King points to the fact that the trial court asked Kimber's counsel "Or you want to give him a chance for a jury?" King contends that this question shows that the trial court was willing to accommodate King's untimely request; and he claims that the trial court's willingness to accommodate his request, in turn, indicates that the trial court did not believe that a jury trial would have interfered with its docket. We need not address this argument because of our conclusion herein that the trial court did not abuse its discretion in denying the request on the basis that granting the request would have delayed the trial. *See Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 70 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* TEX. R. APP. P. 47.1.

fact had been raised as to King's claims. *See Koepke v. Martinez*, 84 S.W.3d 393, 395 (Tex. App.—Corpus Christi 2002, pet. denied) (noting that a directed verdict is proper when, inter alia, the evidence offered on a cause of action is insufficient to raise an issue of fact). King has not challenged that ruling on appeal. Accordingly, even if we were to assume that the trial court erred in denying King's request for a jury trial, that error would not be reversible because King cannot show he suffered harm. *See Caldwell*, 154 S.W.3d at 97 (citing *Rhyne*, 925 S.W.2d at 666) (noting that the wrongful denial of a jury trial constitutes harmful error when the case contains a question of material fact); *see also* TEX. R. APP. P. 44.1(a) (stating that error in a civil case constitutes grounds for reversal only if it (1) probably caused the rendition of an improper judgment, or (2) probably prevented the appellant from properly presenting the case to the court of appeals).

We overrule King's sole issue.

### III. CONCLUSION

The trial court's judgment is affirmed.[5]

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
25th day of October, 2012.

---

[5] On January 20, 2012, Wilson and Kimber filed a motion to dismiss the appeal. We ordered motion carried with the case on April 25, 2012. In light of our disposition herein, we deny the motion as moot.