**Opinion issued June 18, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00472-CV

———————————

**BENEDICT EMESOWUM, Appellant**

**V.**

**MILAM STREET AUTO STORAGE, INC. D/B/A FAST TOW WRECKER AND ZONE ONE AUTO STORAGE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1045789**

---

## MEMORANDUM OPINION

Benedict Emesowum appeals the trial court's ruling that Fast Tow Wrecker had probable cause to tow his car. Fast Tow towed Emesowum's parked car from a shopping center parking lot; Emesowum contends that a warning sign on the

parking lot's premises did not meet statutory requirements and that Fast Tow was not authorized to tow his car from the lot. He further contends that the trial court abused its discretion in denying his request for a jury trial. Finding no error, we affirm.

## Background

In January 2014, Fast Tow towed Emesowum's car. Milam Street Auto Storage, Inc. operates a towing service, Fast Tow Wrecker, and a vehicle storage facility, Zone One Auto Storage. Emesowum retrieved his car, paid the towing fee, and requested a justice court hearing, claiming that Fast Tow had failed to comply with section 2308 of the Texas Occupations Code. That section authorizes towing from private property without the car owner's consent, so long as the landowner and towing company comply with its provisions. *See* TEX. OCC. CODE ANN. §§ 2308.252, 2308.301 (West 2013).

The justice court heard the case in March. The justice court found that there was probable cause to remove Emesowum's car from the parking lot. A county court heard the case on appeal; it likewise found that Fast Tow had probable cause to tow. Emesowum appeals the county court's judgment.

2

**Discussion**

We liberally construe Emesowum's pro se brief.

## I.      Authorization to Tow

Emesowum first contends that Fast Tow did not have a general authorization to tow his car because Amreit Uptown Park, no longer a party in this appeal, did not authorize the tow. Emesowum does not cite to the record or to any legal authority to support his contention; accordingly, we hold that he has waived this issue on appeal. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## II.     Towing Sign Compliance

Emesowum next challenges the adequacy of the warning sign in the parking lot that notified unauthorized parkers that their cars could be towed.

*Standard of Review*

We regard this case as an appeal from a bench trial. When a trial court issues no findings of fact, we imply that the trial court made the findings necessary to support its judgment. *Douglas v. Petroleum Wholesale, Inc.*, 190 S.W.3d 97, 99 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989)). In an appeal from a bench trial, we review a trial court's findings under the same legal and factual sufficiency of the evidence

standards used when determining whether sufficient evidence exists to support an answer to a jury question. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). If the evidence falls "within [the] zone of reasonable disagreement," we will not substitute our judgment for that of the fact-finder. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

We review de novo a trial court's conclusions of law. *Merry Homes, Inc. v. Chi Hung Luu,* 312 S.W.3d 938, 943 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)). We uphold a conclusion of law if the judgment can be sustained on any legal theory supported by the evidence. *Id.* (citing *Adams v. H & H Meat Prods., Inc.*, 41 S.W.3d 762, 769 (Tex. App.—Corpus Christi 2001, no pet.).

*Applicable Law and Analysis*

The Texas Occupations Code provides that a car may be towed without the consent of its owner if its requirements are met, including if a sign located on the parking facility at the time of towing and for the preceding 24 hours, and that remains installed at the time of towing, warns that unauthorized vehicles will be towed. *See* TEX. OCC. CODE ANN. § 2308.252(a). A sign prohibiting unauthorized vehicles must "contain[] a statement describing who may park in the parking facility and prohibiting all others. . ." *Id.* § 2308.301(b)(4). Emesowum contends that Fast Tow was required to personally notify him that his car would be towed

4

and, moreover, that the warning sign in the parking lot did not meet the Occupation Code's requirements.

Emesowum does not contest that the parking facility had a posted warning sign. Actual notice is not required if the sign complies with the Code. *See id.* § 2308.252(a). The sign stated: "Towing Enforced" and that "unauthorized vehicles will be towed at owner's or operator's expense." Accordingly, we reject Emesowum's argument that actual notice was required. The trial court heard evidence that Emesowum left the shopping center while his car was parked in the center's lot and was no longer doing business in the shopping center when he left. We hold that the trial court reasonably could have found that the towing sign met the statutory requirement to identify who may park in the lot and to prohibit all others, as it prohibited "unauthorized" individuals from parking in the shopping center, and an individual was not authorized to use parking lot if they were not visiting a business within the center. *See Keller*, 168 S.W.3d at 822; *Merry Homes,* 312 S.W.3d at 943.

## III.   Civil Liability of Towing Company

In further arguing for reversal, Emesowum next cites the civil liability statute found in Texas Occupations Code section 2308.404(c). This section provides that "[a] towing company, booting company, or parking facility owner who intentionally, knowingly, or recklessly violates this chapter is liable to the

5

owner or operator of the vehicle that is the subject of the violation for $1,000 plus three times the amount of fees assessed in the vehicle's removal, towing, storage, or booting." TEX. OCC. CODE ANN. § 2308.404(c). Emesowum does not provide a supporting argument explaining why this provision applies to his appellate challenges and does not cite to the record; therefore, we hold that he has waived this issue on appeal. *See* TEX. R. APP. P. 38.1(i).

## IV.   Jury Trial

Finally, Emesowum complains that the trial court refused his demand for a trial by jury.

*Standard of Review*

We review a trial court's denial of a party's demand for a jury trial under an abuse of discretion standard. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). When conducting an abuse of discretion review, we examine the entire record. *Id.* We only find an abuse of discretion if the trial court's decision is "arbitrary, unreasonable, and without reference to guiding principles." *Id.*

*Applicable Law*

The Texas Constitution guarantees the right to a trial by jury. TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate."); TEX. CONST. art. V, § 10 ("[N]o jury shall be empaneled in any civil case unless demanded by a party

to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature"). "The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (quoting *White v. White*, 196 S.W. 508, 512 (Tex. 1917)).

A request for a jury trial must be made "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216(a). A payment of the jury fee must be made "within the time for making a written request for a jury trial." *Id.* at 216(b). The trial court has discretion to deny a jury trial in the absence of a timely request for a jury or payment of the applicable jury fee. *Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 69–70 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985)). But a trial court should grant a jury demand, even if untimely, if to do so would not interfere with the court's docket, delay the trial, or injure the other party. *Id.* at 70 (citing *Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874, 881 (Tex. App.—Austin 1989, writ denied); *see also Gayle*, 951 S.W.2d at 477 ("Under these particular and unusual circumstances, we hold that the trial court abused its discretion by not granting a continuance to allow [the party's] jury request and fee to become timely."). To prevail, the complaining party bears the burden to show that the untimely demand would not interfere with

the docket or prejudice the other side. *Dawson v. Jarvis*, 627 S.W.2d 444, 446–47 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *see also In re D.R.*, 177 S.W.3d 574, 579–80 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[The requesting parties] have not demonstrated that a jury trial . . . would not have interfered with the court's docket, delayed the trial, or prejudiced the other parties.").

*Analysis*

Emesowum requested a jury trial and paid the jury fee less than two weeks before the case was set for trial on the non-jury docket. *See* TEX. R. CIV. P. 216. On April 24, the court notified the parties that the trial was set for June 2. Emesowum did not request a jury until May 20, and he paid the jury fee two days later. Emesowum did not move for a trial continuance. The jury demand and fee did not become timely due to a trial reset. *See Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam) (holding that untimely request for jury trial becomes timely when trial is later reset more than thirty days after request). Emesowum also did not attempt to show that granting the request would not interfere with the court's docket, delay the trial, or injure the opposing parties. *See Monroe*, 234 S.W.3d at 70; *Dawson*, 627 S.W.2d at 446–47. Because Emesowum made an untimely jury demand and did not show that the demand would not adversely affect the court or other parties, we hold that the trial court did not abuse

its discretion in denying it.  *See Rhyne*, 925 S.W.2d at 666; *Monroe*, 234 S.W.3d at 70.

## Conclusion

We affirm the judgment of the trial court.



Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.