L.G. McCORMICK, et al., Appellants,

v.

TEXAS COMMERCE BANK NATIONAL ASSOCIATION, Appellee.

No. B14–86–00743–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 7, 1988.

Rehearing Denied June 23, 1988.

---

**1.** The first case against appellant was dismissed  before the decision in *Meshell v. State.*

John D. Gilpin, Linda S. Moroney, Houston, for appellants.

D. Mitchell McFarland, Laura Gibson, Anna M. Jobsis, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

L.G. McCormick and Beacon Hill Farms, Inc., appeal from a jury verdict in favor of Texas Commerce Bank ("TCB"). TCB sued appellants and W.L. Marshall (not a party to this appeal), alleging that they conspired to commit fraud by a "check kiting scheme." By passing worthless checks and drafts among three banks located in three different cities, appellants took advantage of the time lapse in the check collection process and thereby obtained false credit. These paper transfers, totalling several million dollars, created an overdraft on the Beacon Hill Farms, Inc.'s corporate account in the amount of $735,574. When the overdraft was discovered in December 1974, McCormick, as the sole owner of the corporation, personally guaranteed payment of the overdraft and any other indebtedness of Beacon Hill Farms, Inc., but he ultimately failed to make such payment. McCormick and Marshall were indicted by a grand jury for conspiracy to commit theft. A jury trial in 1976 resulted in conviction; McCormick was sentenced to ten years in prison and ordered to pay a fine of $5,000. His sentence was subsequently suspended; he was placed on probation for ten years and ordered to make restitution of $367,000 to TCB. The restitution remains unpaid.

Immediately after the 1976 conviction, TCB filed suit, seeking an enforceable civil judgment against McCormick, Beacon Hill Farms, Inc., and Marshall. Marshall admitted liability and signed an agreed judgment in favor of TCB. In March 1986, the civil case against McCormick and Beacon Hill Farms, Inc., went to trial.

In seven points of error, appellants allege that the trial court erred in admitting certain evidence, in failing to allow McCormick to explain the circumstances surrounding his criminal conviction, in impaneling a jury, in failing to dismiss a biased juror, and in permitting cumulative error causing an improper rendition of judgment. We affirm.

Appellants' second, third, and fourth points of error relate to admission of evi-

dence of McCormick's prior conviction for conspiracy to commit theft.

The record shows that when TCB attempted to introduce the criminal court record at trial, appellants objected to its admission arguing that the judgment in the criminal trial was irrelevant, remote in time, and did not constitute a final conviction because the sentence was probated. Counsel for TCB urged admission of the conviction under Rule 803(22) of the Texas Rules of Evidence, specifically stating, "It is a conviction involving the same facts. And the necessary facts to the conviction are the same facts that we have on trial in this case." The judgment of conviction and sentence were introduced and admitted as substantive evidence. Those points of error relating to admission of the conviction for impeachment purposes, point three and a portion of point four, are overruled.

■ In their second point of error appellants contend that it is reversible error to admit evidence of a prior conviction in a subsequent civil trial arising out of the same facts when the criminal defendant had entered a not guilty plea. We disagree. The Texas Rules of Evidence provide the following exception to the hearsay rule:

(22) Judgment of previous conviction. Evidence of a judgment, entered after a trial or upon a plea of guilty ..., adjudging a person guilty of a felony, to prove any fact essential to sustain the judgment of conviction.

Tex.R.Evid. 803(22).

The case before us presents the very circumstance contemplated by the rule. McCormick had been tried and convicted of a felony; his plea of not guilty is irrelevant. Neither can he escape the effect of the rule because his sentence was probated. Evidence of his felony conviction was offered as substantive proof of facts in the civil case which were essential to the judgment in the criminal case. The rule supplanted the Texas common law and need not be reconciled with prior case law. The cases cited by appellants ´ pre-date rule 803(22), do not involve defendants who were adjudicated guilty or who pleaded

guilty and are, therefore, inapplicable. Evidence of the conviction was properly admitted. *See Britt v. Cambridge Mutual Fire Insurance Co.*, 717 S.W.2d 476 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) Appellants' second point of error is overruled.

In related point four, appellant argues that even if evidence of the conviction can be properly admitted as substantive proof under rule 803(22), the findings of the criminal judgment are not conclusive under the doctrine of collateral estoppel but are rebuttable, and, therefore, McCormick should have been allowed to explain mitigating circumstances respecting the prior conviction, specifically, his claim of inadequate representation by counsel. We disagree.

■ The question whether findings of a criminal judgment are conclusive under the doctrine of collateral estoppel has not been addressed by the Texas courts with respect to the new evidentiary rule 803(22). Prior to the adoption of 803(22), our supreme court held that a collateral attack, an attack on the validity of a judgment in a suit not instituted for that purpose, is an impermissible attempt to avoid the binding effect of a judgment. *See Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex.1969). The federal courts have also concluded that a prior conviction may work an offensive collateral estoppel in a subsequent civil proceeding if the identical issues for which estoppel is sought were litigated and directly determined in the prior criminal proceeding. *Vela v. Alvarez*, 507 F.Supp. 887, 889 (S.D. Tex.1981), citing *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). The doctrine is equitable; because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action. *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir.1983), citing *In the Matter of Raiford*, 695 F.2d 521 (11th Cir.1983).

Federal cases making specific reference to Federal Rule of Evidence 803(22) use the identical prerequisites in giving offensive

collateral estoppel effect to criminal judgments. Where (i) the issue at stake was identical to that in the criminal case, (ii) the issue had been actually litigated, and (iii) determination of the issue was a critical and necessary part of the prior judgment, the judgment is established by offensive collateral estoppel and is within the hearsay exception of federal rule of evidence 803(22). *United States v. Monkey*, 725 F.2d 1007, 1010, (5th Cir.1984). When the requirements are satisfied, a party is estopped from attacking the judgment or any issue necessarily decided by the guilty verdict. *Monkey*, 725 F.2d at 1010.

Applying the standards of the federal judiciary to Texas Rules of Evidence 803(22), we hold that the trial court did not err in refusing to permit McCormick to explain the circumstances of his criminal conviction. To allow McCormick to present evidence of inadequate representation by counsel would impugn the validity of the judgment; such an explanation would place in the jurors' minds a question as to whether guilt would have been assessed if counsel had conducted a different defense. The pivotal issue in the adjudication of guilt—that McCormick had engaged in a check kiting scheme which resulted in a debt obligation to the bank—had been fully litigated and was essential to the criminal conviction. The trial court correctly excluded appellants' offer of proof contained in a bill of exception. The appropriate forum for attacking the criminal judgment was by appeal. A fully litigated issue should not be retried.

The exclusion is further justified under rule 403, providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury. Tex.R.Evid. 403. Proof establishing McCormick's liability to the bank included a signed letter agreement. The authenticity of this personal guarantee was not questioned. In this circumstance, evidence that his criminal defense counsel was less than zealous would have little probative value and could tend to distract the jurors from the central issue of conspiracy to commit

theft. Appellants' fourth point of error is overruled.

By their first point of error, appellants contend that the trial court erred in admitting references to McCormick's appearance before a grand jury in 1960 when he was merely summoned to testify in an investigation of Marshall and was not indicted or convicted. The reference occurred upon cross examination of McCormick by counsel for TCB:

Q: Mr. Marshall had a problem with the law with regard to the Tuscola Bank, didn't he?

A: I think he did. I was called as a witness, sworn as a witness. I was like the rest, outside.

Q: Were you warned that you were also named as an unindicted co-conspirator?

Whereupon counsel for McCormick objected in the following manner:

Your Honor, in this case, he brings up something like that. And the Court won't let me go into an explanation of the conviction. And that goes into one of the reasons for the conviction.

. . . . .

The Court: Overrule the objection.

The question was not renewed and never answered. During closing argument, TCB again referred to McCormick as an unindicted co-conspirator in the 1960 investigation of Marshall. No objection was raised.

On appeal, appellants argue that these references to McCormick as an unindicted co-conspirator were uninvited, irrelevant, and impermissible. Appellants cite Texas Rule of Evidence 608(b), which prohibits the introduction of evidence of specific instances of the conduct of a witness in order to attack his credibility.

▪ In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely objection, stating the *specific grounds* for the ruling desired, unless the grounds are apparent from the context of the objection. *Martinez v. State*, 732 S.W.2d 401, 403 (Tex.App.—Houston [14th Dist.] 1987, no pet); Tex.R.App.P. 52(a). While we agree

with appellants that the reference was un-invited and irrelevant, we do not find a proper objection in the statement quoted above. Error was not preserved. The first point of error is overruled.

■ In their fifth point of error, appellants contend that the trial court erred in impaneling a jury because no demand for one had been made as required by Texas Rule of Civil Procedure 216. TCB apparently paid a jury fee in 1981 and on trial day in 1986 insisted that demand for a jury trial had also been made when the fee was paid. Neither proof of payment nor proof of demand is a part of the record. Apparently, appellants contest only whether demand was made. Rule 216 provides that "[n]o jury trial shall be had in any civil suit, unless application be made therefore and unless a fee ... be deposited by applicant with the clerk ... a reasonable time before the date set for trial of the cause on the *non-jury* docket, but not less than ten days in advance." (Emphasis added.) Appellants contend that the right to a jury trial in a civil case depends upon strict compliance with rule 216. They cite *Huddle v. Huddle*, 696 S.W.2d 895 (Tex.1985) for the proposition that TCB was not entitled to a jury trial because no timely demand for one had been made. Appellants' reliance is misplaced. In *Huddle* our supreme court held that time limitations apply with equal force to the application for jury trial and the payment of the jury fee; both must be effected more than ten days before the date of trial set on the *non-jury* docket. In *Huddle* the case had been set on the non-jury docket and, although the fee was paid thirteen days in advance of trial, jury demand was not made until the eve of trial. The eleventh hour demand clearly constituted surprise to the opposing party. However, the factual situation before us is not parallel. TCB contends that the ten year old case had never been set on the non-jury docket and had, in fact, been set on the *jury* docket numerous times, a fact that appellants do not refute. Four months before trial, appellants had agreed to a preferential trial setting. There could be no surprise to appellants. The question is governed by an abuse of discretion stan-

dard. *See Huddle*, 696 S.W.2d at 895. Absent proof that the case was set on the non-jury docket and surprise to the appellants, we find no abuse of discretion. Appellants' fifth point of error is overruled.

In their sixth point of error, appellants complain that the trial court erred in failing to excuse juror North when during trial she revealed to the court a bias she had withheld during voir dire. During voir dire TCB asked the jury panel generally if any of them had ever worked for a bank or a lending institution. Appellants asked if any one of the jurors felt that the testimony of one who is a bank officer should be given greater or lesser credibility than that of any other witness. Appellants also asked if there were any "mystique" about a bank. Mrs. North did not respond to any of these questions. Early in the trial proceedings Mrs. North advised the court that her twenty-eight year old son worked for a Dallas bank, not affiliated with TCB. Upon questioning by the court and counsel, she stated that she did not feel that there was anything about the fact that he worked for a bank that would prevent her from being fair and impartial. Appellants moved that she be excused; later in the trial appellants twice moved for mistrial based upon her presence on the jury; all motions were overruled. Appellants now contend that under Texas Rule of Civil Procedure 327(a) they are entitled to a new trial because of Mrs. North's "misconduct." Rule 327(a) provides:

a. When the ground of a motion for new trial, supported by affidavit, is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury, or that a juror gave an erroneous or incorrect answer on voir dire examination, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the communication made, or the erroneous or incorrect answer on voir dire examination, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole

that injury probably resulted to the complaining party.

Tex.R.Civ.P. 327(a).

■ In the absence of a clear showing of abuse of judicial discretion, an appellate court is bound by the trial court's determination as to the occurrence of jury misconduct. *Baker Marine Corp. v. Weatherby Engineering Co.*, 710 S.W.2d 690, 692 (Tex. App.—Corpus Christi 1986, no writ); *Shop Rite Foods, Inc. v. Upjohn Co.*, 619 S.W.2d 574, 582 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). We find no overt act of misconduct (as required by rule 327(a)) on the part of Mrs. North. Her silence was not a misrepresentation. No jury panelist was asked if a member of his family were a banker. A juror cannot be held to have concealed that which she was never asked to disclose. The trial court did not abuse its discretion. Point of error six is overruled.

In their final point of error, appellants contend that cumulative errors, non-reversible individually, pervaded the trial and, thus, in the aggregate caused the rendition of an improper verdict. We disagree. Reversal based upon cumulative error is predicated upon meeting the standards of Texas Rule of Appellate Procedure 81(b). Having reviewed the incidences alleged to be error, we do not find that the errors complained of amount to such a denial of the rights of appellants as was reasonably calculated to cause and probably did cause rendition of an improper judgment or prevented appellants from making a proper presentation of the case to this court. Point of error seven is overruled.

The judgment of the trial court is affirmed.