Opinion issued August 17, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00801-CV




HARRY L. BOWLES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2002-44780




MEMORANDUM OPINION
          In this appeal, we consider whether appellant, Harry L. Bowles, has standing to
seek a judgment declaring that sections 51.901 and 51.903 of the Texas Government
Code and section 32.49 of the Texas Penal Code [collectively, “the Texas Lien
Release Law”] are unconstitutional. We affirm the trial court’s judgment dismissing
Bowles’s claims.
BACKGROUND
          The underlying declaratory judgment action is the latest in series of legal
proceedings between Bowles and his former business partner, Charles N. Schwartz,
Jr. As part of the ongoing business dispute, Bowles filed three liens against property
owned by Schwartz in 1994. Schwartz filed a “Motion for Judicial Review of
Documentation or Instrument Purporting to Create a Lien or Claim” pursuant to
section 51.901 of the Texas Government Code, which was assigned to the 333rd
District Court of Harris County. On August 9, 1998, the trial court issued findings of
fact and conclusions of law, in which it found that “[t]here is no valid lien or claim
created by this documentation or instrument.” It is not clear from the record whether
Bowles appealed this August 9, 1998 ruling.


 Schwartz or his attorney, Grant Cook,
notified Bowles of the trial court’s ruling and demanded that he remove the liens. 
Bowles refused to do so.
          In 1998 and 1999, the District Attorneys of Harris County, Grimes County, and
Brazoria County demanded that Bowles release the liens within 21 days. Again,
Bowles refused to do so. Bowles was then indicted in Harris County for “Refusing to
Execute Release of Fraudulent Lien or Claim.” The indictment tracked the language
of Texas Penal Code section 32.49 and provided as follows:
Harry Louis Bowles, hereafter styled the defendant, heretofore on or
about May 26, 1998, did then and there unlawfully, with intent to defraud
and harm another, own, hold, and was the beneficiary of a purported lien
and claim asserted against real property and personal property that was
fraudulent as described by Section 51.901(c) of the Texas Government
Code, and did refuse to execute the release of the fraudulent lien and
claim upon the request of Charles N. Schwarz, a person owning an
interest in the property described in the document and instrument that is
the basis of the lien and claim, after the expiration of twenty-one days
following the date of receipt of actual notice from Charles N. Schwarz
requesting the execution of a release of the fraudulent lien and claim.
 
          After a trial by jury, Bowles was convicted of the Class A misdemeanor offense. 
He served four days in jail and paid a $1000 fine. His conviction was affirmed by the
Fourteenth Court of Appeals, and the Texas Court of Criminal Appeals refused to hear
his petition for discretionary review. See Bowles v. State, No. 14-99-01396-CR, 2001
WL 1047026, *1 (Tex. App.—Houston [14th Dist.] Sept. 13, 2001, pet. ref’d) (not
designated for publication).
          Bowles then filed his petition for declaratory judgment seeking to have the Lien
Release Law declared unconstitutional. In a no-evidence motion for summary
judgment, the State argued, among other grounds, that Bowles had no standing to
bring his declaratory judgment. The trial court granted the State’s motion and
dismissed Bowles’s claims. This appeal followed. 
 
PROPRIETY OF DISMISSAL
          In his first issue on appeal, Bowles argues that the trial court erred in granting
the State’s no-evidence motion for summary judgment on the basis of standing. 
Standard of Review
          A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003); Jackson v. Fiesta
Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to one
or more of the essential elements of the non-movant’s claims on which it would have
the burden of proof at trial. Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex.
App.—Austin 2000, no pet.). Once the movant specifies the elements on which there
is no evidence, the burden shifts to the non-movant to raise a fact issue on the
challenged elements. See Tex. R. Civ. P. 166a(i). A no-evidence summary judgment
will be sustained when (1) there is a complete absence of evidence of a vital fact, (2)
the court is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is
no more than a scintilla, or (4) the evidence conclusively establishes the opposite of
a vital fact. King Ranch, 118 S.W.3d at 751. We view the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. Id.
Standing
          In its no-evidence motion for summary judgment, the State argued that standing,
i.e., a justiciable case or controversy, was an essential element of a declaratory
judgment, see Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995), and
that Bowles had produced no evidence that he possessed such standing. Bowles’s
response to the motion, to which he attached his own affidavit, asserted that he had
standing based on three facts: (1) that he had been convicted under the Texas Lien
Release Law; (2) that he was subject to further prosecution under the Texas Lien
Release Law; and (3) that the underlying dispute—the reason that Bowles filed the
liens—is ongoing. We will address each basis upon which Bowles claims standing.
          Bowles’s Conviction
          Bowles argues that he has standing to challenge the Lien Release Law because
he has been criminally convicted thereunder. The State responds that the criminal
conviction has been finally adjudicated and he therefore lacks standing to contest the
statute on this basis in civil court. We agree.
          Bowles’s attempt to obtain a declaratory judgment on the basis of his previous
conviction is, essentially, a collateral attack on his previous criminal conviction. See
Mc Cormick v. Tex. Comm. Bank., N.A., 751 S.W.2d 887, 889 (Tex. App.—Houston
[14th Dist.] 1988, writ denied) (holding that collateral attack is attack on validity of
judgment in suit not instituted for such purpose). A defendant who has been
discharged from custody may collaterally attack his conviction only if he is able to
show collateral legal consequences resulting from his conviction. See ex parte
Crosley, 548 S.W.2d 409, 410 (Tex. Crim. App. 1977). For example, a defendant
convicted of misdemeanor driving while intoxicated can collaterally attack that
conviction, even if he has served his sentence, because the conviction can be used to
enhance his punishment in a subsequent prosecution for driving while intoxicated. 
See Tatum v. State, 846 S.W.2d 324 (Tex. Crim. App. 1993).
          In response to the State’s no-evidence motion for summary judgment, Bowles
has not introduced any evidence of any collateral legal consequences he has or will
suffer as a result of his previous criminal convictions.
          Bowles had an opportunity to challenge the validity of the Lien Release Statute
as a part of his criminal case, which he did not do.


 Because he has identified no
collateral consequences from his conviction, his conviction is not subject to collateral
attack. As such, Bowles’s criminal conviction presents no justiciable case or
controversy upon which he can assert standing.
          Possible Future Criminal Prosecutions
          Bowles also argues that he has standing to bring the declaratory judgment action
because he is still subject to prosecution in Grimes County and Brazoria County. We
begin by noting that Bowles was given notice to remove the liens in 1998 or 1999,
which he refused to do. Therefore, the statute of limitations for his refusal to comply
began to run at that time. Refusal to execute release of a fraudulent lien or claim is a
Class A misdemeanor. Tex. Pen. Code Ann. § 32.49 (c) (Vernon 2003). The statute
of limitations for a misdemeanor is 2 years. Tex. Code Crim. Proc. Ann. art. 12.02
(Vernon 2005). Bowles has not offered summary judgment evidence to support his
contention that he is still subject to prosecution based on the notices to remove the
liens, and his refusal to do so, which occurred in 1998 and 1999.
          We turn next to the issue of whether a civil equity court can address the
constitutionality of a penal statute. In State v. Morales, 869 S.W.2d 941, 944-45 (Tex.
1994), the supreme court identified four types of cases in which a party might attempt
to obtain relief from an equity court based upon the unconstitutionality of a criminal
statute:
1. the statute is enforced and the party is being prosecuted;
2. the statute is enforced and the threat of prosecution in imminent,
although the party has yet to be prosecuted;
3. there is no actual or threatened enforcement of the statute, and the
party does not seek an injunction against its enforcement, but the statute
is nonetheless integrally related to conduct subject to the court’s equity
jurisdiction; and
4. there is no actual or threatened enforcement of the statute and no
complaint of specific conduct remediable by injunction.
 
Id.; Dallas County Dist. Attorney v. Doe, 969 S.W.2d 537, 540-41 (Tex. App.—Dallas
1998, no pet.). 
          In the first two categories, courts of equity will not interfere with the
enforcement of a criminal statute unless the statute is unconstitutional, and its
enforcement will result in irreparable injury to vested property rights. Morales, 869
S.W.2d at 945; Doe, 969 S.W.2d at 541. The reason for this rule is that the meaning
and validity of a penal statute should ordinarily be determined by a court exercising
criminal jurisdiction. Morales, 869 S.W.2d at 945; Doe, 969 S.W.2d at 541. When
the validity of a criminal statute can be determined in any criminal proceeding that
may arise from the statute’s enforcement, and no vested property rights are threatened,
there is no occasion for the intervention of equity. Morales, 869 S.W.2d at 945; Doe,
969 S.W.2d at 541. In this case, Bowles’s response to the State’s no-evidence motion
for summary judgment does not point to any vested property right that is subject to
irreparable harm. Although he claims an interest in the business that is the subject of
the underlying litigation, he has not brought forth summary judgment proof to show
that he has a vested property right in maintaining a lien on Schwartz’s property.
          In the third category of cases set out in Morales, a civil equity court can address
the validity of a penal statute when the plaintiff’s claim is coupled with a request for
an injunction against a rule adopted to implement the statute. Morales, 869 S.W.2d
at 946; see also Passell v. Fort Worth Indep. Sch. Dist., 440 S.W.2d 61, 64 (Tex.
1969). In this case, there is no request to enjoin a rule adopted to implement section
32.49 of the Penal Code.
          In the fourth category of cases set out in Morales, “equity jurisdiction is plainly
lacking.” Morales, 869 S.W.2d at 946.
          An overarching principle for all four categories is that “[a] naked declaration
as to the constitutionality of a criminal statute alone, without a valid request for
injunctive relief, is clearly not within the jurisdiction of a Texas court sitting in
equity.” Morales, 869 S.W.2d at 942.
          A critical issue regarding jurisdiction in this case is that Bowles’s petition does
not request injunctive relief. Rather, he seeks only a declaration that the Lien Release
Law is invalid.


 A “naked” declaration that the Lien Release law is invalid, without
a valid request for injunctive relief, is not within the jurisdiction of a civil district court
sitting in equity. Morales, 869 S.W.2d at 942; Doe, 969 S.W.2d at 542.
          Because Bowles has not raised a fact issue as to whether he is subject to further
prosecution on the basis of the 1989 and 1990 notices, and also because his petition
fails to request injunctive relief, the possibility of future prosecution does not confer
standing in this civil proceeding. 
          Ongoing Underlying Litigation
          Finally, Bowles contends that his interest in the business that is the subject of
the underlying litigation gives him standing to challenge the Texas Lien Release Law.
However, this declaratory judgment action is nothing more than an attempt to have a
civil court declare a penal statute unconstitutional. For the reasons given above, there
is no case or controversy over which a civil court sitting in equity can exercise
jurisdiction.
CONCLUSION
          Because there is no case or controversy over which the district court could
properly exercise jurisdiction, the trial court did not err in granting the State’s motion
for summary judgment on the basis of standing and dismissing Bowles’s claims. In
light of our holding on this issue, we need not address Bowles’s remaining issues on
appeal.
 
 
 
                                                                        Sherry Radack
                                                                        Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.