

## NUMBER13-13-00291-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

## IN RE ROGELIO ALANIZ, ET AL.

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Chief Justice Valdez[1]

By petition for writ of mandamus, relators, Rogelio Alaniz, Elizabeth Alaniz, Javier Adame, Olga Adame, Heriberto Diaz, Sonia A. Diaz, Cristobal Garza, Lillie Garza, Epifanio Gomez, Maria I. Gomez, Luis Gonzalez, Amanda Gonzalez, Ricardo Ibanez, Lucy Ibanez, Jose Lopez, Allison Colby, Damacio Pena, Lisa Pena, and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *Id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Michelle Vecchio, request that we direct the trial court[2] to reinstate the underlying cause on its jury trial docket. We conditionally grant relief as stated herein.

## I. STANDARD FOR MANDAMUS RELIEF

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840. Mandamus is appropriate only when the relator has no adequate remedy on appeal. *Id.* The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In evaluating the benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*; *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

Under previous law, it took "special circumstances" for the denial of a jury trial to merit mandamus review because it was considered that, in the usual case, there was an adequate remedy by appeal. *See Gen. Motors. Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding) (quoting *White v. White*, 108 Tex. 570, 196 S.W. 508, 512 (Tex. 1917)) (concluding that "special circumstances" and the interests of judicial economy allowed mandamus review of the trial court's denial of a jury trial in conjunction with mandamus review of a crash-test order). Now, however, "[t]he denial

---

[2] The respondent in this original proceeding is the Honorable Roberto "Bobby" Flores, Presiding Judge of the 139th Judicial District Court of Hidalgo County, Texas.

of trial by jury is . . . reviewable by mandamus." *In re Prudential*, 148 S.W.3d at 138–39; *see In re Lesikar*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *see also Rosenthal v. Ottis*, 865 S.W.2d 525, 529 (Tex. App.—Corpus Christi 1993, orig. proceeding) (stating that an adequate remedy by appeal does not exist for the denial of a jury trial).

## II. BACKGROUND

Relators brought suit against real parties in interest, Treyson Development and Hector Ruben Lopez Jr., for claims involving alleged deceptive trade practices, fraud in real estate, civil conspiracy, breach of contract, and enforcement of settlement contract. On September 25, 2012, the trial court entered a docket control order setting the case for a jury trial on November 26, 2012. This trial setting was passed by agreement of the parties.

On December 6, 2012, the trial court entered another docket control order re-setting the case for a final pre-trial conference on March 28, 2013 with a jury trial following on April 1, 2013. At the March 28, 2013 pre-trial conference, the trial court entered an oral order re-setting the case due to the court's conflicting criminal docket. At this time, the trial court set the case for final pre-trial conference on May 30, 2013 with a jury trial following on June 3, 2013. At the May 30, 2013, final pre-trial conference, the trial court sua sponte removed the case from the jury trial docket and placed it on the bench trial docket. That same day, relators filed a demand for a jury trial and paid the fee. The certificate of conference for relators' jury demand shows that opposing counsel was "unopposed" to the filing of the demand for jury.

This original proceeding ensued. Relators filed an emergency motion for stay, which this Court granted in part and denied in part. Specifically, the motion for emergency stay was granted insofar as it sought a stay of the trial of this matter and denied insofar as it sought relief on the merits and reinstatement of the underlying matter on the jury trial docket. The Court requested and received a response to the petition for writ of mandamus from the real parties in interest. Relators further filed a reply to the real parties' response.

By one issue, relators contend that the trial court abused its discretion by sua sponte removing the case from the jury trial docket. In response, real parties contend that it is "undisputed" that relators did not comply with Texas Rule of Civil Procedure 216 and the trial court removed the case from the jury trial docket based on "off the record discussions" and "the court['s] understanding that it was with the consent of counsel" for relators and real parties in interest. *See* TEX. R. CIV. P. 216. Counsel for real parties stated that he believed the trial court "was under the impression that the parties had agreed that this case was to be tried before the court."

### III. ANALYSIS

The Texas Constitution guarantees the right to a trial by jury. *See* TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *see also id.* art. V, § 10 (stating that "no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature"). "The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp.*, 951 S.W.2d at 476.

4

The right to a jury trial in a civil proceeding is not "self-executing." *In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.). To exercise their right to a trial by jury, the relators were required to follow Texas Rule of Civil Procedure 216 by filing "a written request for a jury trial . . . with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance" and timely pay the jury fee by depositing it with the clerk of the court "within the time for making a written request for a jury trial." TEX. R. CIV. P. 216; *see Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985) (holding that time limitations for requesting jury trial apply to payment of jury fee as well). In addition, even if a party complies with Rule 216, it must act affirmatively by either "object[ing] on the record to the trial court's action [in proceeding without a jury] or indicat[ing] affirmatively in the record it intends to stand on its perfected right to a jury trial." *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ); *see also In re M.P.B.*, 257 S.W.3d at 811; *Vardilos v. Vardilos*, 219 S.W.3d 920, 923 (Tex. App.—Dallas 2007, no pet.).

We review the trial court's denial of a party's demand for a jury trial under an abuse of discretion standard. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). It is within the discretion of the trial court to deny a jury trial in the absence of a timely request or payment of a jury fee. *Huddle*, 696 S.W.2d at 895; *Martin v. Black*, 909 S.W.2d 192, 197 (Tex. App.—Houston [14th Dist.] 1995, writ denied). An untimely jury demand should be granted, however, if it can be done: (1) without interfering with the court's docket, (2) delaying the trial, or (3) injuring the opposing party. *See Gen. Motors Corp.*, 951 S.W.2d at 476 (citing *Allen v. Plummer*, 71

5

Tex. 546, 9 S.W. 672, 673 (1888) (holding that requirements of jury demand and fee "are not strictly mandatory," so that party failing to comply does not forfeit right to jury if such failure does not prejudice opposing party); *Dawson v. Jarvis*, 627 S.W.2d 444, 446 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) ("[I]n spite of the mandatory language of Rule 216, the rule is construed as being discretionary with the judge."); *Aronoff v. Tex. Turnpike Auth.*, 299 S.W.2d 342, 344 (Tex. Civ. App.—Dallas 1957, no writ) (stating that Rule 216 "is discretionary rather than mandatory[,] and that when the Rule has not been complied with, a trial court's decision to grant or deny a jury trial will not be reversed on appeal except on a showing of abuse of discretion")); *Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 70 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Barkhausen v. Craycom, Inc.*, 178 S.W.3d 413, 418 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In the instant case, there is nothing in the record which suggests that setting this case for a jury trial would interfere with the trial court's docket, delay the trial, or injure the real parties in interest. The record reflects that the cause had been set for trial on the jury docket since its inception. It is significant that all parties knew the case had been set on the jury docket and were not surprised by a new jury trial setting. *See, e.g., Tex. Valley Ins. Agency v. Sweezy Constr., Inc.*, 105 S.W.3d 217, 219–20 (Tex. App.—Corpus Christi 2003, no pet.) ("As a matter of law, we find that appellants were entitled to rely on the court's orders setting the case for a jury trial. . . . For the trial court to vacate or change its order, it must have given appellants a reasonable time to comply with Rule 216 requirements for making a jury demand and paying the fee."); *McCormick v. Tex. Comm. Bank Nat. Ass'n*, 751 S.W.2d 887, 891 (Tex. App.—Houston [14th Dist.]

6

1988, writ denied) ("TCB contends that the ten year old case had never been set on the non-jury docket and had, in fact, been set on the jury docket numerous times, a fact that appellants do not refute. Four months before trial, appellants had agreed to a preferential trial setting. There could be no surprise to appellants."). Under these circumstances, it was an abuse of discretion for the trial court to deny the late request for a jury trial.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relators have shown themselves entitled to the relief sought. *See* TEX. R. CIV. P. 216; *Gen. Motors Corp.*, 951 S.W.2d at 476; *Huddle*, 696 S.W.2d at 895; *Monroe*, 234 S.W.3d at 69–70; *Barkhausen*, 178 S.W.3d at 418. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant mandamus relief and direct the trial court to grant relators' request for a jury trial and reinstate this matter on the jury docket. The writ will issue only if the trial court fails to comply.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
23rd day of July, 2013.

7